# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

JAY ALLEN FREY,

    Plaintiff-Appellant,

v.

D.D.A. TIM McCORMACK,

    Defendant-Appellee.

No. 05-1061
(D.C. No. 04-Z-2439)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Jay Allen Frey, a state prisoner appearing *pro se*, appeals from the district court's dismissal of his civil rights complaint pursuant to 42 U.S.C. § 1983. The district court dismissed his suit without prejudice because he failed to submit a certified copy of his trust fund account as ordered by the court. Construing Mr.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Frey's pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we deny his motion to proceed *in forma pauperis* (*ifp*) on appeal and therefore dismiss the appeal.

Mr. Frey filed an application with the district court to proceed *ifp* pursuant to 28 U.S.C. § 1915. He included a trust fund account statement that was notarized but not certified by a prison official. On November 24, 2004, the magistrate judge informed Mr. Frey that the *ifp* application was deficient because the trust fund account statement he submitted was not certified by a prison official. The judge ordered Mr. Frey to cure the deficiency within thirty days or suffer dismissal of his claims without prejudice. On December 7, 2004, Mr. Frey submitted another account statement that was notarized but not certified. The district court dismissed the action without prejudice for failure to cure.

The Federal Rules of Civil Procedure permit a district court to dismiss an action for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). We review the district court's dismissal of Mr. Frey's suit for abuse of discretion. *See Mobley v. McCormick*, 40 F.3d 337, 340 & n.1 (10th Cir. 1994). Subsection (a)(2) of 28 U.S.C. § 1915 instructs that

> A prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined.

The § 1915 form used by Mr. Frey prominently lists this requirement in almost identical language. Moreover, the magistrate judge explicitly informed Mr. Frey that the account statement he had submitted "was not certified by a prison official" and that he must cure this deficiency within thirty days or risk dismissal. While Mr. Frey did respond in a timely fashion, he failed to address the magistrate judge's order by submitting the appropriately certified document. Because Mr. Frey received adequate notice of the § 1915 requirement, sufficient time to cure the deficiency, and proper warning of the penalty of dismissal for failure to abide by the court's order, the district court did not abuse its discretion in dismissing the action without prejudice.

On appeal, Mr. Frey states that "[t]he court dismissed on my case because I didn't get the remidy of my financial records in time, and I had no control over this," Aplt. Br. at 16, and "I have no control of getting the proper paper work, even when I've ask for it." *Id.* at 3. He also states that "I have been moved with out any notice, there-fore my paper work would never follow me. My mail never was forwarded, nor were any kites I had written to fix any problems I court's asked me to fix." *Id.* at 17. Even if Mr. Frey was moved without notice and experienced difficulties in receiving his mail, these difficulties do not explain why he neglected to tell the magistrate judge when he filed his response why he could not follow the court's order. Moreover, the record contradicts Mr. Frey's

explanations because prison officials did provide him an account statement promptly after he requested it, *see* rec., doc. 4 at 3-4, and there is no indication that he asked for the document to be certified. Having determined that the dismissal of his suit is appropriate, we do not consider the merits of Mr. Frey's claims that his civil rights were violated.

Mr. Frey has also submitted an application to proceed *ifp* on appeal. He has included a properly certified copy of his account statement, which indicates a positive balance of $42.55. While Mr. Frey has demonstrated that he cannot pay the filing fee, he has not otherwise met the requirement that he raise a nonfrivolous issue. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We therefore deny his application to proceed on appeal without payment of the fee.

For the reasons stated above, we **DENY** Mr. Frey's application to proceed *ifp*, and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-4-